Eric A. Grover, Esq. (CSB# 136080)
Jade Butman, Esq. (CSB# 235920)
Elizabeth A. Acevedo, Esq. (CSB# 227347)
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, California 94107
Tel. (415) 543-1305
Fax (415) 543-7681

Mark R. Thierman, Esq. (CSB# 72913)
**THIERMAN LAW FIRM**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500

Scott A. Miller, Esq. (CSB# 230322)
**LAW OFFICES OF SCOTT A. MILLER, A.P.C.**
16133 Ventura Blvd. Suite 1200
Encino, California 91436
Tel. (818) 788-8081

Steven L. Miller, Esq. (CSB# 106023)
**STEVEN L. MILLER, A PROFESSIONAL LAW COPRORATION**
16133 Ventura Blvd. Suite 1200
Encino, California 91436
Tel. (818) 986-8900

**ORIGINAL FILED**

FEB - 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY HILE, on behalf of himself and all others similarly situated, | Case No. C 07 0738 |
| Plaintiff, | CLASS ACTION |
| v. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |
| MAX RAVE, LLC and G+G RETAIL, INC. | [15 U.S.C. §§ 1681 et seq.] |
| Defendants. | **DEMAND FOR JURY TRIAL** |

JSW

Comes now Plaintiff Zachary Hile ("Plaintiff") on behalf of himself and all others similarly situated and alleges as follows:

## INTRODUCTION

1. In 2003, Congress passed and the President signed, the Fair and Accurate Credit Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> "This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft."

2. A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act) provides that:

> "No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

3. The law gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Although Defendants Max Rave, LLC and G+G Retail, Inc. (hereinafter "Defendants") had up to three years to comply, Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card

number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendants.

4. Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendants based on Defendants' violation of 15 U.S.C. §§ 1681 et seq.

5. Plaintiff seeks, on behalf of himself and the class, statutory damages, punitive damages, costs and attorneys fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 et seq., and a permanent injunction enjoining Defendants from continuing their unlawful practice of willfully violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §§ 1681p.

7. Plaintiff's claims asserted herein arose in this judicial district and all Defendants do business in this judicial district.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

9. Assignment to the San Francisco or Oakland Divisions is proper because a substantial part of the conduct which gives rise to the claims asserted herein occurred in the County of Conta Costa in that Plaintiff is a resident of the County of Alameda and transacted business with Defendants in, California, County of Contra Costa.

## PARTIES

10. Plaintiff, Zachary Hile, is and at all times relevant hereto was a resident of the State of California, County of Alameda.

11. Defendants Max Rave, LLC and Defendant G+G Retail, Inc. ("Defendants") are corporations organized and existing under the laws of the State of Delaware with headquarters in New York and N. Bergen, New Jersey. Defendants operate stores in this district and throughout the United States.

## CLASS ALLEGATIONS

12. Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

13. Plaintiff seeks to represents two classes of persons to be defined as follows:

**CLASS A:** All persons in the United States to whom, on or after January 1, 2005, Defendants provided, through use of a machine that was first put into use by Defendants on or after January 1, 2005, an electronically printed receipt at the point of a sale or transaction on which Defendants printed more than the last five digits of the person's credit card or debit card number and/or printed the expiration date of the person's credit or debit card.

**CLASS B:** All persons in the United States to whom, on or after December 4, 2006, Defendants provided, through use of a machine that was being used by Defendants before January 1, 2005, an electronically printed receipt at the point of a sale or transaction on which Defendants printed more than the last five digits of the person's credit card or debit card number and/or printed the expiration date of the person's credit or debit card.

14. <u>Numerosity:</u> Each of the classes described above in paragraph 13 are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

15. Plaintiff is informed and believes, and thereon alleges, that there are, at minimum, hundreds of members of each of the respective classes described in paragraph 13.

16. The exact size of CLASS A and CLASS B and the identities of the individual members thereof are ascertainable through Defendantss records, including but not limited to Defendantss sales and transaction records.

17. Members of CLASS A and CLASS B may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

18. <u>Typicality:</u> Plaintiff's claims are typical of the claims of the members of CLASS A and CLASS B. The claims of the Plaintiff and members of CLASS A and CLASS B are based on the same legal theories and arise from the same unlawful and willful conduct.

19. Plaintiff and members of CLASS A and CLASS B were each customers of Defendants, each having made a purchase or transacted other business with Defendants at an applicable time on or after December 4, 2004 using a credit card and/or debit card. At the point of such sale or transaction with Plaintiff and members of CLASS A and CLASS B, Defendants provided to Plaintiff and each member of CLASS A and CLASS B a receipt in violation of 15 U.S.C. § 1681c(g).

20. <u>Common Questions of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting the members of CLASS A and CLASS B.

21. The questions of fact and law common to CLASS A and CLASS B predominate over questions which may affect individual members and include the following:

(a) Whether Defendants' conduct of providing Plaintiff and the members of CLASS A and CLASS B with a sales or transaction receipt whereon Defendants printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card violated the FACTA, 15 U.S.C. §§ 1681 et seq.;

(b) Whether Defendants' conduct was willful;

(c) Whether Plaintiff and members of CLASS A and CLASS B are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendants' acts and conduct;

(d) Whether Plaintiff and members of CLASS A and CLASS B are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

22. <u>Adequacy of Representation:</u> Plaintiff is an adequate representative of CLASS A and CLASS B because his interests do not conflict with the interests of the members of CLASS A or CLASS B, the classes which Plaintiff seeks to represent. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of CLASS A and CLASS B and has no interests antagonistic to the members of CLASS A or CLASS B.

Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

23. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of CLASS A and CLASS B. While the aggregate damages which may be awarded to the members of CLASS A and CLASS B are likely to be substantial, the damages suffered by individual members of CLASS A and CLASS B are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of CLASS A and CLASS B to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of CLASS A or CLASS B. The likelihood of the individual members of CLASS A and CLASS B prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of CLASS A and CLASS B. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

24. <u>Injunctive Relief</u>: Defendants have acted on grounds generally applicable to the members of CLASS A and CLASS B, thereby making appropriate final injunctive relief with respect to the CLASS A and CLASS B as a whole.

## FIRST CAUSE OF ACTION

### For Violation of 15 U.S.C. § § 1681 et seq.

### (On Behalf of Plaintiff and the Members of CLASS A and CLASS B,

### Against Defendants)

25. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

26. Plaintiff asserts this claim on behalf of himself and CLASS A and CLASS B against Defendants and each of them.

27. Title 15 U.S.C. § 1681c(g)(1) provides that:

> "...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

28. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. 1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. 1681c(g)(1) on or after December 4, 2004.

29. With respect to machines that were in use before January 1, 2005, 15 U.S.C. 1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. 1681c(g)(1) on or after December 4, 2006.

30. Defendants transact business in the United States and accept credit cards and/or debit cars in the course of transacting business with persons such as Plaintiff and the members of CLASS A and CLASS B. In transacting such business, Defendants uses cash registers

and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

31. On or after December 4, 2004, Defendants, at the point of sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendants printed more than the last five digits of Plaintiff's credit card or debit card and/or printed the expiration of Plaintiff's credit or debit card.

32. On or after December 4, 2004, Defendants, at the point of a sale or transaction with members of CLASS A, provided, through use of a machine that was first put into use on or after January 1, 2005, each member of CLASS A with one or more electronically printed receipts, each of which Defendants printed, for each respective CLASS A member, more than the last five digits of such member's credit or debit card number and/or the expiration of such member's credit or debit card.

33. On or after December 4, 2006, Defendants, at the point of a sale or transaction with members of CLASS B, provided, through use of a machine that was in by Defendants before January 1, 2005, each member of CLASS B with one or more electronically printed receipts, each of which Defendants printed, for each respective CLASS B member, more than the last five digits of such member's credit or debit card number and/or the expiration of such member's credit or debit card.

34. As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

35. Defendants and each of them knew of, or should have known of, and were informed about the law, including specifically FACTA's requirements concerning the

truncation of credit and debit card numbers and prohibition on printing of expiration dates. For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discovery, American Express and JCB), companies that sell cash register and other devices for the processing of credit or debit card payments, and other entities informed Defendants and each of them about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with same.

36. In addition, on information and belief, many companies such as VISA and MasterCard devised and implemented policies well before the operative date of FACTA's requirements, wherein such companies as VISA and MasterCard and others required Defendants (and informed Defendants of the FACTA requirements) to truncate credit card and debit card numbers and prevent the printing of expiration dates on receipts. For example, on March 6, 2003, VISA USA's CEO, Carl Pascarella, held a pres conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy, and publicly announced VISA USA's new truncation policy to protect consumers from identity theft. At the March 2003 press conference, Mr. Pascarella explained as follows:

> "Today I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether. This is an added security measure for consumers that doesn't require any action by the cardholder. We are proud to be the first payments brand to announce such move to protect cardholders' identities by restricting access to their account information on receipts.
>
> The first phase of this new policy goes into effect July 1, 2003 for all new terminals. I would like to add, however, that even before this policy goes

into effect, many merchants have already voluntarily begun truncating receipts, thanks to groundwork that we began several years ago.

Receipt truncation is good news for consumers, and bad news for identity thieves. Identity thieves thrive on discarded receipts and documents containing consumers' information such as payment account numbers, addresses, social security numbers, and more. Visa's new policy will protect consumers by limiting the information these thieves can access."

37. Despite knowing and being repeatedly informed about FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with FACTA's requirements, Defendants willfully violated and continue to violate FACTA's requirements by, *inter alia*, printing more than five digits of the card number and/or the expiration date upon the receipts provided to members of CLASS A and CLASS B – persons with whom Defendants transact business.

38. Many of Defendants' business peers and competitors readily brought their credit and debit card receipt printing process in compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the least five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same.

39. In contrast, Defendants willfully disregarded FACTA's requirements and continue to us cash registers or other machines or devices that print receipts in violation of FACTA.

40. Defendants willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of CLASS A and CLASS B thereby exposing Plaintiff and the members of CLASS A and CLASS B to an increased risk of identity theft and credit and/or debit card fraud.

41. As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each class member of CLASS A and CLASS B in the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. 1681n(a)(1)(A).

42. As a result of Defendants' willful violations of FACTA, Plaintiff and the members of CLASS A and CLASS B are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. 1681n(a)(3).

43. As a result of Defendants' willful violations of FACTA, Plaintiff and the members of CLASS A and CLASS B are entitled to punitive damages. 15 U.S.C. 1681n(a)(2).

44. Defendants' conduct is continuing and, unless restrained, Defendants will continue to engage in their unlawful conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of CLASS A and CLASS B, prays for:

1. An order certifying CLASS A and CLASS B and appointing Plaintiff as the representative of CLASS A and CLASS B, and appointing the law firms representing Plaintiff as counsel for CLASS A and CLASS B;

2. An award to Plaintiff and the members of CLASS A and CLASS B of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendants' willful violations;

| | | |
|---|---|---|
| | 3. | An award to Plaintiff and the members of CLASS A and CLASS B of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); |
| | 4. | Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3); |
| | 5. | Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3); |
| | 6. | A permanent injunction enjoining Defendants and each of them from engaging in their unlawful violations of FACTA; and |
| | 7. | For other and further relieve as the Court may deem proper. |

Dated: February 5, 2007

KELLER GROVER LLP

By: *E A Grover*
Eric A. Grover
Attorneys for Plaintiff

## JURY TRIAL DEMAND

Plaintiff, on behalf of himself and the putative members of CLASS A and CLASS B, demands a trial by jury on all claims and causes of action to which she is entitled to a jury trial.

Dated: February 5, 2007

KELLER GROVER LLP

By: *E A Grover*
Eric A. Grover
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Hile v. Max Rave, LLC and G+G Retail, Inc.
13